ARTHUR J. and SUSAN I. CROSSLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crossland v. Commissioner
Docket No. 3280-75.
United States Tax Court
T.C. Memo 1976-59; 1976 Tax Ct. Memo LEXIS 345; 35 T.C.M. (CCH) 262; T.C.M. (RIA) 760059; March 3, 1976, Filed Arthur J. Crossland, pro se. Howard W. Gordon and Robert A. Dobbin, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This matter is before the Court on respondent's motion for summary judgment filed on December 9, 1975, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency of $754.50 in petitioners' Federal income tax for the year 1973. The deficiency resulted from the disallowance of (1) an inflation loss of $977.95 claimed as a miscellaneous deduction on Schedule A of petitioners' Federal income tax return, and (2) a "theft of business loss" of $3,512.00 claimed as a casualty or theft loss deduction on Schedule A of that same return. Petitioners timely filed their petition and respondent answered it on May 23, 1975. Respondent has *346 moved for summary judgment with respect to the claimed deductions which he has disallowed. The case was called at the motions session in Washington, D.C. on January 28, 1976. Respondent appeared by his counsel. There was no appearance by or on behalf of petitioners, but they filed a written reply to respondent's motion. The motion was taken under advisement. Attached as exhibits to respondent's motion were copies of petitioners' 1973 Federal income tax return, and copies of petitioners' response to two questionnaires sent to them by the Internal Revenue Service concerning certain deductions which they had taken on their 1973 tax return. Petitioners' legal residence was in Suncook, New Hampshire, when their petition was filed herein. The petitioners filed their 1973 Federal income tax return with the North Atlantic Service Center, Andover, Massachusetts. Issue 1. Inflation Loss
The claimed inflation loss deduction represents 10 percent of petitioners' gross income for 1973. They apparently believed that inflation in 1973 reduced their real income by about 10 percent, and that they should be allowed to mitigate the harsh effects of inflation by taking a 10 percent deduction. *347 In his reply to respondent's motion for summary judgment, petitioner Arthur J. Crossland says "Inflation is a fact, and was a fact in 1973. If Chief Justice Warren Burger says, in effect, that inflation reduces salary, and agreement is unanimous among all wage earners, I can add nothing." Inflation is a fact. Indeed, a study by the United States Bureau of the Census[1] shows that although median family income increased by 7 percent between 1973 and 1974, the increase was less than the rise in prices, resulting in a net loss in real purchasing power. After adjusting for the 11 percent increase in prices between 1973 and 1974, the 1974 median decreased by about 4 percent below the 1973 median expressed in terms of constant dollars. Inflation affects every taxpayer to some extent, depending on the particular goods and services he buys. Our tax structure is not set up to take into account the effects of inflation. Tax liability depends on income figures computed in terms *348 of nominal dollars, without regard for inflation. According to one commentator, the progressive income tax in this country takes increasingly larger percentages of taxable income as the amount of income, expressed in current dollars, increases. This is true even in times of inflation, when a part of the increase in taxable income may, in fact, represent a loss in purchasing power: Thus, progressive rates of tax have exacerbated the economic effects of inflation by imposing a tax increase marginally greater than the inflation rate in each annual accounting period during which the tax is imposed?. [If] income is increased by an amount equal to the actual decrease in income due to the decrease in the purchasing power of the U.S. dollar and such increase moves the taxpayer to a higher income bracket, the tax, in an economic sense, is proportionately higher. [2]
The problem of inflation has caused several writers to explore the practicality of indexing; i.e., changing the tax structure to adjust for price level changes in computing taxable income. [3]
*349 Although the suggestion might have merit, Congress has not seen fit to consider it, and petitioners may not create deductions where they do not exist by statute. Petitioners genuinely believe that they should be allowed an inflation loss deduction. However, deductions are a matter of legislative grace, [4] and Congress has not permitted such a deduction. No deduction is available for a loss in the purchasing power of the United States dollar. The inflation loss claimed by petitioners is in the nature of a purely economic loss. We must disallow the claimed deduction. Losses must qualify through section 165 [5] to be available as deductions. Under section 165, a deductible loss must be evidenced by a completed and closed transaction that is fixed by identifiable events. Section 1.165-1(b), Income Tax Regs. Erosion in the purchasing power of the dollar does not qualify as a loss deduction because the loss is not evidenced by a closed and completed transaction, nor is it fixed by identifiable events. Inflation, which is merely a rise in the price level of all currently produced goods and services, *350 is a mere economic loss, not deductible under section 165. [6]
Issue 2. Theft of Business Loss
Petitioners also claimed a theft of business loss of $3,512.00, which respondent disallowed. The loss claimed is the additional amount which petitioner Arthur J. Crossland asserts he would have earned in 1973 if he had not been unemployed for part of that year. This issue is identical to that previously litigated in Arthur J. Crossland,T.C. Memo. 1974-277, [7] where we said: The Internal Revenue Code does not now and has never provided for the deductibility as a loss of amounts that could have been earned had the taxpayer been employed. Palmer Hutcheson, [Dec. 18, 430], 17 T.C. 14 (1951); Charles A. Collin, [Dec. 121], 1 B.T.A. 305 (1925). Even if all the facts with respect *351 to petitioners' claims were true, neither loss deduction claimed by them is allowable as a matter of law. Thus there is no genuine issue of material fact, and respondent is clearly entitled to prevail on both issues. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. U.S. Bureau of the Census, Current Population Reports,↩ Series P-60, No. 101, "Money Income in 1974 of Families and Persons in the United States," U.S. Government Printing Office, Washington, D.C. 1976.
2. McDonald, Inflation: Concepts of Income, Tax Reform, 28 Tax Lawyer 536↩ (1975).
3. Comment, The Feasibility of Adjusting for Inflation in Computing Taxable Income, 49 Wash. L. Rev. 873 (1974); McDonald, Inflation: Concepts of Income, Tax Reform, 28 Tax Lawyer 533 (1975); Note, Inflation and The Federal Income Tax, 82 Yale L.J. 716↩ (1973).
4. New Colonial Ice Company v. Helvering,292 U.S. 435, 440↩ (1934).
5. Statutory references herein pertain to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
6. See Hort v. Commissioner,313 U.S. 28↩ (1941).
7. This case was subsequently affirmed by order in Crossland v. Commissioner,↩ F.2d (2d Cir. Dec. 18, 1975, 76-1 USTC par. 9188).